UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-23611-Civ-GAYLES
MAGISTRATE JUDGE P.A. WHITE

LUKELY RILEY,

    Plaintiff,

v.

RICK SCOTT, et al.,

    Defendants.
_____/

REPORT RE TRANSFER
TO CORRECT VENUE

    The *pro se* Plaintiff, **Lukely Riley**, has filed this civil rights action, pursuant to 42 U.S.C. §1983, raising numerous constitutional challenges arising from events occurring while he was confined at Union Correctional Institution ("Union CI").

    The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

    Construing plaintiff's allegations liberally as afforded *pro se* plaintiff pursuant to Haines v. Kerner, 404 U.S. 519 (1972), it appears from a careful review of the complaint that plaintiff is complaining of events that occurred in Union County, Florida. The facility lies within the jurisdiction of the United States District Court for the Middle District of Florida.

    It is well settled that a civil action filed by an inmate under authority of 42 U.S.C. §1983 "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." See 28 U.S.C. §1404(a).

To transfer an action under §1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. See Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The court's consideration of the §1404(a) factors may include such criteria as the plaintiff's initial choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the location of relevant documents, the availability of compulsory process for witnesses, the financial ability to bear the cost of the change, and trial efficiency. See Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F.Supp. 281, 282 (M.D.Fla. 1996). Federal courts ordinarily accord deference to a plaintiff's choice of forum.

The decision to transfer an action pursuant to §1404(a) is left to the "sound discretion of the district court." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d 982, 985 (11th Cir. 1982); see also Brown v. Connecticut Gen. Life Ins. Co., 934 F.2d 1193, 1197 (11th Cir. 1991). Such transfers may be made *sua sponte* by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F.Supp. 842, 846 (N.D.Ill. 1990) ("A court's authority to transfer cases under §1404(a) does not depend upon the motion, stipulation or consent of

2

the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F.Supp. 783, 784 (W.D.Mo. 1989).

As noted above, it is clear from plaintiff's recitation of the facts that the action(s) challenged in the instant proceeding and about which he has personal knowledge occurred while residing at Union CI, which is located in Union County situated in the Middle District of Florida. Thus, the majority of material witnesses and evidence associated with his claims are located in the Middle District of Florida. It is, therefore, clear from the face of the complaint that the proper venue for this cause of action is the United States District Court, for the Middle District of Florida. See Stateline Power Corp. v. Kremer, 404 F.Supp.2d 1373 (S.D. Fla. Dec. 9, 2005); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties and witnesses, this case should be transferred to the United States District Court for the Middle District of Florida for review and determination, pursuant to 28 U.S.C. §1404. At that time, the transfer court may order plaintiff to amend the complaint, and file a legally sufficient *in forma pauperis motion*.

Although the plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985). Neither the private interest of the litigants nor the public interest in the administration of justice are advanced by having this proceeding maintained in the Southern District of Florida. In the interest of justice, therefore, this action should be transferred to the Middle District of Florida.

For the foregoing reasons, the Undersigned recommends that the case be transferred to the United States District Court for the Middle District of Florida, at which time the court there may wish to have the Plaintiff amend to state a cogent claim for relief, along with requiring the payment of the Clerk's filing fee or the filing of a motion to proceed *in forma pauperis*. It is further recommended that the motion for temporary restraining order (DE#4) be dismissed without prejudice to its refiling once the case is transferred to the Middle District of Florida; that all other pending motions be dismissed, as moot, and that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 5th day of October, 2017.

[signature]

UNITED STATES MAGISTRATE JUDGE

cc: Lukely Riley, Pro Se
 DC#051588
 South Florida Reception Center-South Unit
 Inmate Mail/Parcels
 13910 NW 41st Street
 Doral, FL 33178